UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSON DEKHARN, | No.  2:23-cv-00706 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| A. ROJAS, et al., | |
| Defendants. | |

Plaintiff, an inmate at Folsom State Prison, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on April 17, 2023 (ECF No. 1), is before the court for screening. For the reasons set forth below, the complaint's allegations fail to state a claim. Plaintiff is granted leave to file an amended complaint within 30 days after service of this order.

**I.        In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 4.) Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of 20% of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2

### III.    Allegations in the Complaint

On February 2, 2022, plaintiff was ordered to step out of his cell. (ECF No. 1 at 6.) Plaintiff was placed in restraints, escorted to a holding cell, and ordered to strip. (Id. at 6.) Officer A. Rojas performed a visual body cavity search. (Id. at 3, 6.) Defendant Rojas ordered plaintiff to "grab [his] groins and lift them" and "lift feet and wiggle [his] toes." (Id. at 6.) Plaintiff alleges the search occurred in a manner "as if" the defendant was enjoying himself and motivated by sexual perversion. (Id. at 7.)

Defendant Rojas falsely claimed he saw something in between plaintiff's cheeks. (Id. at 7.) Plaintiff was taken to a holding cage where he remained for about 40 minutes. (Id. at 8.) Plaintiff told defendant Rojas he was going to write him up for sexual perversion, and plaintiff thinks he was held in the cage "that long" because of his statement to that effect. (Id.) Plaintiff alleges, "I strongly believe that the reason he even had me placed on (CSW) Contraband [Surveillance] Watch is because I made it clear to him that I was going to file a complaint for how he treated me in that cage." (Id. at 7.)

Plaintiff received a disciplinary write-up and was accused of a controlled substance violation. (See ECF No. 1 at 6, 20, 23.) He was found not guilty of those charges. (Id.)

Plaintiff made a complaint against Rojas under the Prison Rape Elimination Act (PREA). (ECF No. 1 at 9, 25.) Sergeant Jason Pagon investigated and determined the complaint to be unfounded. (Id.) Plaintiff does not believe Pagon investigated thoroughly because Pagon "goes by the code of silence" and has a reputation for siding with his officers. (Id. at 8-9.)

The complaint names Officer Rojas and Sergeant Pagon as defendants. (ECF No. 1.) Plaintiff seeks declaratory judgment, injunctive relief, and monetary damages. (Id. at 5.)

### IV.    Discussion

#### A.    Body Cavity Search

A prisoner retains certain rights of privacy in his person under the Fourth Amendment. See Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 332 (1988). However, a state may restrict a prisoner's rights to the extent necessary to further the correctional system's legitimate goals and policies. Hudson v. Palmer, 468 U.S. 517,

524 (1984). A prisoner's bodily privacy exists only so far as it is not fundamentally inconsistent with prisoner status or incompatible with the legitimate objectives of incarceration. Pell v. Procunier, 417 U.S. 817, 822 (1974); Michenfelder, 860 F.2d at 332.

In determining the reasonableness of the search of an incarcerated person's body under the Fourth Amendment, courts balance the need for the particular search against the invasion of personal rights that the search entails." Bell v. Wolfish, 441 U.S. 520, 559 (1979). Courts "accord great deference to prison officials' assessments of their interests" because prison administration is "'a task that has been committed to the responsibility of [the legislative and executive branches], and separation of powers concerns counsel a policy of judicial restraint.'" Michenfelder, 860 F.2d at 331 (quoting Turner v. Safley, 482 U.S. 78, 85 (1987)).

Separately, under the Eighth Amendment, prisoners have a right to be free from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) (citing Hudson v. McMillian, 503 U.S, 939 F.2d 699, 702 (9th Cir. 1991). Sexual abuse is "inconsistent with contemporary standards of decency" and "repugnant to the conscience of mankind," and therefore, violates the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 327 (1986) (internal citations omitted).

Here, plaintiff's allegations do not plausibly describe sexual abuse and do not appear to challenge the specific procedures used for the search. Instead, plaintiff describes the procedure for the search and states it occurred "as if" the defendant was enjoying himself and motivated by sexual perversion. (ECF No. 1 at 7; see also, e.g., id. at 2 ("After several seconds of vulgarly gazing at my rectum as if he was getting gratification from the view and finding major pleasure in himself from my actions, he gave me my clothes back[.]") In order to state a claim, plaintiff must plead specific facts, rather than conclusions or speculation, to state how his constitutional rights were violated. Twombly, 550 U.S. at 555-57 (to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). An unsupported conclusion that defendant was motivated by sexual perversion while conducting a visual body cavity search does not suffice to state a claim.

////

**B.      Retaliation**

A retaliation claim in the prison context has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Watison v. Carter, 668 F.3d 1108, 1114 (2012). A plaintiff must first allege he engaged in protected conduct, such as the filing of an inmate grievance. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Second, the plaintiff must allege the defendant took adverse action against the plaintiff. Id. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Watison, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads a lack of valid penological purpose by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious or unnecessary to the maintenance of order in the institution. Watison, 668 F.3d at 1114-15.

Plaintiff engaged in protected conduct when he allegedly informed defendant Rojas he would file a complaint for sexual perversion and when he made a complaint under the PREA. Plaintiff has adequately alleged a chilling adverse action with no valid penological purpose because he alleges defendant falsely accused him of having contraband. However, the allegations do not state a claim because this alleged adverse action occurred before plaintiff engaged in the protected conduct described in the complaint.

Plaintiff also alleges, "I strongly believe that the reason he even had me placed on (CSW) Contraband [Surveillance] Watch is because I made it clear to him that I was going to file a complaint for how he treated me in that cage." (ECF No. 1 at 7.) Assuming for purposes of screening the complaint that plaintiff's placement on CSW is an adverse action that would chill or silence a person of ordinary firmness from future First Amendment activities, plaintiff's suspicion does not suffice to state a claim. The complaint does not contain adequate factual allegations about the circumstances of plaintiff's placement on CSW, such as, for example, when it occurred.

The court is unable to infer a causal connection between plaintiff's protected conduct and an alleged adverse action based on the allegations pleaded.

Finally, plaintiff alleges he remained in a holding cage for 40 minutes because of his protected conduct. Under the circumstances alleged, remaining in a holding cage for 40 minutes does not constitute an adverse action that would chill or silence a person of ordinary firmness from future First Amendment activities. In addition, plaintiff does not plausibly allege he remained in the holding cage due to his protected conduct, rather than due to the alleged false accusation, which occurred before his protected conduct. For all these reasons, plaintiff does not state a retaliation claim against Officer Rojas.

### C.   Defendant Pagon

The complaint does not state a claim against Sergeant Pagon, who determined plaintiff's complaint against Officer Rojas was unfounded. The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). A supervisor is liable for constitutional violations of a subordinate only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In addition, "[i]n order to seek redress through § 1983, ... a plaintiff must assert the violation of a federal right, not merely a violation of federal law." Blessing v. Freestone, 520 U.S. 329, 340 (1997) (citation omitted). The PREA, at 42 U.S.C. § 15601 et seq., "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission." Porter v. Jennings, No. 1:10-cv-01811–AWI–DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (citing collected cases).

////

6

As relevant here, nothing in the PREA indicates it created a private right of action that is enforceable under 42 U.S.C. § 1983 or otherwise. Since the PREA itself contains no private right of action, there is no corresponding right enforceable under § 1983. See Graham v. Connor, 490 U.S. 386, 393-94 (1989) ("Section 1983 ... provides a method for vindicating federal rights conferred elsewhere."). Plaintiff does not state a claim under the PREA.

Allegations that Sergeant Pagon failed to investigate thoroughly also do not state a constitutional claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved"); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure") (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); Page v. Stanley, No. CV 11-2255 CAS (SS), 2013 WL 2456798, at *8-9 (C.D. Cal. June 5, 2013) (dismissing section 1983 claim alleging that officers failed to conduct a thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint"). Thus, the alleged failure to investigate plaintiff's PREA complaint does not provide a basis for a plausible claim under 42 U.S.C. § 1983.

## V. Appointment of Counsel

Plaintiff requests the court to appoint counsel to represent him. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library

access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

## VI.    Conclusion and Order

The complaint does not state any cognizable claims, but plaintiff is granted leave to file an amended complaint. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and must state what each named defendant did that led to the deprivation of constitutional rights. <u>See</u> <u>Iqbal</u>, 556 U.S. at 676-677.

Plaintiff is not obligated to file an amended complaint. In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. <u>See</u> <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district judge will determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

This opportunity to amend is not for the purpose of adding new claims. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on curing deficiencies of the claims already set forth.

An amended complaint supersedes the prior complaint, <u>see</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

////

1    In accordance with the above, IT IS HEREBY ORDERED as follows:

2    1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

3    2.  Plaintiff's motion for the appointment of counsel (ECF No. 4) is denied without

4    prejudice.

5    3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth

6    by separate order.

7    4.  The Clerk's Office shall send plaintiff a blank civil rights complaint form.

8    5. Within thirty days from the date of service of this order, plaintiff must file one of the

9    following:

10        a.   An amended complaint curing the deficiencies identified in this order;

11        b.   A notice of election to stand on the complaint as filed; or

12        c.   A notice of voluntary dismissal.

13   6.   Failure to respond to this order will result in a recommendation that this action be

14   dismissed for failure to obey a court order and failure to prosecute.

15   Dated:  November 1, 2023

16

17

18   _____
     DEBORAH BARNES
19   UNITED STATES MAGISTRATE JUDGE

DLB7
dekh0706.scrn

20

21

22

23

24

25

26

27

28

9